LEIGH M. CLARK, Retired Circuit Judge.
The only issue expressly presented for review by appellant is whether the evidence was sufficient to support a verdict and judgment finding appellant-defendant guilty of robbery as charged in the indictment.
Pamela Sue Henderson testified that on November 23, 1977, she was employed at the Seven-Eleven Store on Buckingham Drive, in Montgomery; that at about nine P.M. two black males came into the store; one was tall, about six feet two, weighing one hundred sixty pounds; the other had a gun; the one with a gun was shorter than the first man; the man with the gun pointed it at the witness and asked for all the money in the register; she showed him where the safe was and he took the change out of the safe.
The witness further testified that as the man with the gun was taking the change out of the safe, the other man told him, “We have got company, man.” It developed that a customer was attempting to enter the store. The man with the gun went to the door and told the prospective customer the store was closed. The man with the gun proceeded to take all of the currency out of the cash register. The man without the gun was standing at the cash register at the time. The man with the gun took some change out of the safe. He placed the money in a paper bag. Another potential customer came to the store, and the man with the gun told him that the store was closed.
After obtaining about ninety dollars and placing it in a paper bag, the man with the gun told the witness that she knew too much and that she would have to go with them. She then started screaming, at which time, a sister of the witness and her boy friend who were in another room of the store, came out of the room and the two men left together. The witness stated that she saw them walking together after they left the store.
At the conclusion of the direct examination of Pamela Sue Henderson, she said:
“Q Now, I will ask you if you will, please, to look at the man seated here with his attorney; the Defendant, Jene Anthony Williams, I will ask you if you see the man who came in that store?
*991 “A Yes, it is.
“Q Is there any doubt in your mind?
“A No.”
The preceding part of her testimony shows that she was referring to the man without the gun.
The evidence narrated above constitutes substantial evidence of defendant’s guilt. It consists of direct evidence of a robbery and strong circumstantial evidence of participation therein by appellant. We are not required to pass upon the question of the sufficiency of the evidence to satisfy the jury beyond a reasonable doubt of defendant’s guilt. There is nothing in the evidence narrated or in any of the other evidence to indicate that the jury was not satisfied beyond a reasonable doubt of defendant’s guilt.
There was considerable evidence, in addition to the testimony of Pamela Sue Henderson, from a large number of witnesses, including the testimony of defendant, who positively denied his presence at the time and place of the robbery. Some of the other evidence was favorable to defendant, some favorable to the State. Some of it may have a tendency to weaken testimony of Pamela, but it is not in whole or in part sufficient to vitiate the testimony of Pamela that defendant was a participant in the robbery.
We have reviewed the record for error prejudicial to appellant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article, (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.